UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    Joyce Ellen Bishop,                            Bankruptcy Case No. 16-20593-PRW
                                                                        Chapter 7

                    Debtor.
_____

William K. Harrington,
as United States Trustee,

                    Plaintiff,

            vs.                                    Adversary Proceeding No. 17-2007-PRW

Jason Racki,
UpRight Law, LLC,
Law Solutions Chicago, LLC,
Allen Chern Law,
Allen Chern,

                    Defendants.
_____

**DECISION AND ORDER
GRANTING MOTION TO DISMISS COMPLAINT**

PAUL R. WARREN, U.S.B.J.

      This adversary proceeding pits the United States Trustee against UpRight Law, LLC, UpRight's various affiliates and related entities, Allen Chern, a principal of UpRight, and Jason Racki, a local attorney affiliated with UpRight. The merits of the claims asserted in the complaint are not before the Court. Instead, the Defendants moved to dismiss the complaint, rather than answering. The issue is whether the complaint should be dismissed, in whole or in part, under Rules 8(a), 9(b), or 12(b)(6) FRCP.

For the reasons that follow, the motion to dismiss is **GRANTED**. The first, second, and third causes of action in the complaint are **DISMISSED**, with prejudice. The fourth cause of action is **DISMISSED**, without prejudice to the UST bringing the claim to the attention of the state court authorities identified in 11 U.S.C. § 526(d)(2)(A). Alternatively, the Court exercises its discretion and abstains from hearing the fourth cause, under 28 U.S.C. § 1334(c)(1).

## I.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334. This proceeding is core, under 28 U.S.C. § 157(b)(2)(A).

## II.

## PROCEDURAL BACKGROUND

The procedural posture of this adversary proceeding is unusual, as compared to the traditional path of the filing of a complaint, followed by a motion to dismiss under Rule 12(b)(6). The events that preceded the filing of the complaint—and the issues that were heard and determined by the Court long before the complaint was filed—must be distinctly understood, as they bear directly on the matter before the Court.

On May 24, 2016, Joyce Ellen Bishop filed a chapter 7 petition. (ECF BK No. 1).[1] Ms. Bishop was represented by Jason Racki, who indicated he was associated with the Allen Chern Law Firm. (ECF BK No. 1 at 7). The meeting of creditors was held and concluded on June 24, 2016. (ECF BK No. 10). As a result of the Trustee's inquiry concerning the amount of Mr. Racki's legal fees—which exceeded the Court's "no-look fee"—Mr. Racki agreed to refund $300.00 to Ms.

---

[1] References to the docket for the adversary proceeding are identified as "ECF AP" and references to the docket in the main bankruptcy case are identified as "ECF BK."

Bishop.  (*Id.*).  Unsatisfied with that result, the Trustee then flagged the case for further review by the UST.  And so began the saga, out of which blossomed this litigation.  Ms. Bishop, in the meantime, promptly received her chapter 7 discharge on August 25, 2016.  (ECF BK No. 15).

Following discharge, the UST then filed a motion to conduct a deposition of Ms. Bishop under Rule 2004 FRBP.  (ECF BK No. 17).  The Court granted the motion by Bench Order, because the parties appeared on the return date of the motion and advised the Court that the deposition was to be held that day, on consent.  (ECF BK No. 27).  The deposition of Ms. Bishop proceeded immediately following that appearance by the parties.  (ECF AP No. 1, Ex. 3).  A few months later, the UST filed a massive motion with respect to all Defendants identified in this adversary proceeding (ECF BK No. 33).  The motion requested a variety of forms of relief, including disgorgement of attorney's fees, cancellation of the retainer agreement, imposition of civil penalties under 11 U.S.C. § 526(c)(5), and the issuance of an injunction prohibiting Mr. Racki and UpRight Law from future violations of 11 U.S.C. §§ 526 and 528.  (*Id.*).  The motion sought both monetary and injunctive relief.  (*Id.*).  The motion was met with an equally voluminous response from the various respondents.  (ECF BK Nos. 45-47).

A lengthy hearing on the motion was held on February 16, 2017.  (ECF BK No. 51).  As the transcript demonstrates, the Court was all over the place in its discussion of the motion on the record, because the forms of relief sought by the UST combined matters traditionally bought by motion—such as disgorgement and sanction—with those required to be brought by adversary proceeding—such as declaratory and injunctive relief.  (*See* ECF BK No. 52).  Moments after conclusion of the hearing—after a short period of reflection—the Court carefully composed a Bench Order and minute entry disposing of the UST motion, to ensure that the Court's intended

3

ruling was accurately set out in the docket. (ECF BK No. 51). Notice of that Bench Order was sent electronically to all parties. That Bench Order provided:

> [M]otion is GRANTED in Part and DENIED in Part, without prejudice, for reasons stated on the record. US Trustee to submit settled order (1) granting disgorgement of all legal fees paid by the Debtor based on counsel's failure to file an adequate and accurate Rule 2016(b) statement; (2) denying without prejudice the US Trustee Motion seeking declaratory and injunctive relief against respondents, with leave given to the US Trustee to seek such relief by Adversary Proceeding and (3) requesting that the US Trustee consider filing a complaint with the Grievance Committee for the Appellate Division, 4th Department with respect to claims asserting the practice of law in New York without a license by one or more of the respondents, under 11 U.S.C. § 526(d)(2)(A).

(*Id.*).

It was the Court's intention, by its Bench Order, to make it clear that all requests for monetary relief sought by the motion were fully resolved. The requested injunctive or declaratory relief was denied, without prejudice, because that relief must be sought by adversary proceeding under Rules 7001(7) and 7001(9) FRBP. And, because the unauthorized practice of law issue, mentioned for the first time by the UST at oral argument, related to law firms and an individual who were neither admitted to nor practicing before the Court, the Court requested that the UST consider taking that matter up with the New York state courts. (*Id.*).

Nearly two months later, the UST filed a settled order. The respondents did not object to the entry of the order, so it was entered by the Court without review. (ECF BK No. 56). The UST version of the order reflects the Court's meandering discussion during oral argument, not the Bench Order in the minute entry. (*Compare* ECF BK No. 56 *with* ECF BK No. 51). To the extent that the Court's Bench Order and the UST's version of the ruling are in conflict, the Court will resolve those conflicts by this decision.

In late April 2017, the UST filed the complaint initiating this adversary proceeding. (ECF BK No. 61; ECF AP No. 1). The complaint consists of 93 paragraphs of factual allegations,

4

followed by 4 causes of action. (ECF AP No. 1). The first and second causes of action seek injunctive relief, the third seeks a monetary civil penalty, and the fourth requests (primarily) that the Defendants be prohibited from practicing in this Court and (secondarily) the imposition of monetary sanctions. (*Id.* ¶¶ 94-121). Attached to the complaint are 15 exhibits, including the deposition transcript from Ms. Bishop's Rule 2004 FRBP examination. The Defendants moved to dismiss the complaint under Rules 8, 9(b), and 12(b)(6). (ECF AP Nos. 8 & 9).

The Court entered a Scheduling Order establishing dates for further submissions by the parties, and setting August 25, 2017, as the date for oral argument (if necessary). (ECF AP No. 13). The Court took the matter under submission on August 25, 2017, without oral argument.

### III.
### APPLICABLE LEGAL STANDARDS

A. **Rules 8(a), 8(d)(1) and Rule 10 FRCP**

Rule 8(a)(2) requires that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) FRCP. "Rule 8(a)(2)'s purpose is to give the defendant fair notice of what the claim is *and the grounds upon which it rests*." *LaCroix v. W. Dist. of Ky.*, 627 Fed. Appx. 816, 817 (11th Cir. 2015) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Rules of Civil Procedure require that the allegations in the complaint "must be simple, concise, and direct" and that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rules 8(d)(1) & 10(b) FRCP. The word claim denotes "the aggregate of operative facts which give rise to a right enforceable in the courts." *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943).

5

**B.     Rule 12(b)(6) FRCP**

When considering a motion under Rule 12(b)(6), seeking dismissal of a complaint for failure to state a claim upon which relief can be granted, the Court must accept factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The Court must draw reasonable inferences from the complaint in favor of the plaintiff, in determining whether the plaintiff provides "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570; *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016); *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010); *see also Wacker v. JP Morgan Chase & Co.*, No. 16-2482-cv (L), 2017 U.S. App. LEXIS 1763, at *2 (2d Cir. Feb. 1, 2017). A complaint is plausible on its face when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While the facts alleged in a complaint may turn out to be "self-serving and untrue," "a court at this stage of [a] proceeding is not engaged in an effort to determine the true facts. The issue is simply whether the facts the plaintiff alleges, if true, are plausibly sufficient to state a legal claim." *Columbia Univ.*, 831 F.3d at 48. The court should not consider facts outside the "four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *In re Cornerstone Homes, Inc.*, 567 B.R. 37, 45-46 (Bankr. W.D.N.Y. 2017) (Warren, J.).

### C. Law of the Case Doctrine

"Adversary proceedings in bankruptcy are not distinct pieces of litigation; they are components of a single bankruptcy case . . . ." *See Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir. 1990). The rulings made—or intended to have been made—by the Court in connection with the UST's earlier motion seeking disgorgement of fees, civil penalties, and injunctive relief are relevant in connection with the consideration of the Defendants' motion to dismiss the complaint in this adversary proceeding.

"Any questions of law ruled upon earlier in this litigation are revisited through the lens of law of the case doctrine, which provides that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case." *Laurent v. PriceWaterhouseCoopers LLP*, 963 F. Supp. 2d 310, 314 (S.D.N.Y. 2013) (internal quotation marks omitted) (quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991)). "Law of the case doctrine is prudential and discretionary in character, and courts always [have] the power to change a ruling in light of further reflection." *Id.* at 314 (internal quotation marks omitted) (citing *United States v. Williams*, 205 F.3d 23, 24 (2d Cir. 2000) and quoting *Corporacion de Mercado Agricola v. Mellon Bank Int'l*, 608 F.2d 43, 48 (2d Cir. 1979)). Because a court is vested with the power to *change* an earlier ruling in the same litigation, on further reflection, a court also has the power to *modify and clarify* an earlier ruling "to correct a clear error or prevent manifest injustice." *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981)).

# IV.

## APPLICATION OF LEGAL STANDARDS
## TO EACH COUNT IN THE COMPLAINT

The UST has responded to the Defendants' motion to dismiss by citing traditional principles applied by the federal courts in analyzing Rule 12(b)(6) motions. But this case has not taken the traditional path of a complaint, followed by a motion to dismiss. Instead, the complaint followed an extraordinarily wide-ranging motion by the UST seeking disgorgement, civil penalties, and an injunction. That motion was fully adjudicated by the Court as to all issues, except the request for an injunction, which was denied without prejudice on procedural grounds. At least, that is how the Court viewed the matter.

Typically, the Rule 12(b)(6) standard serves the same function as the blinkers on an easily distracted horse—forcing the horse to see straight ahead—and forcing the court to look only at the complaint. Nowhere else is the court's gaze to stray. But here, the traditional formula urged by the UST ignores the proceedings previously heard and determined by the Court, involving the same parties, the same operative facts, and the same issues of law. Those prior proceedings are not beyond this Court's field of vision in considering the sufficiency of the UST's complaint. The Court can always take judicial notice of its own docket. *In re Martelli*, No. 16-20983-PRW, 2017 Bankr. LEXIS 2015, at *11 n. 5 (Bankr. W.D.N.Y. July 20, 2017) (citing *Mangiafico v. Blumenthal*, 471 F.3d 398 (2d Cir. 2006)). And, in the prior proceedings, the Court made findings of fact and conclusions of law, consideration of which is not beyond the view of the Court. Those prior proceedings serve to inform the Court in reviewing the sufficiency of the complaint.

A.  **Count I—Injunction Under 11 U.S.C. § 526(c)(5)(A)**

The first cause of action alleges that "Upright and its affiliates" violated 11 U.S.C. § 526 by "making a statement in a document filed in a bankruptcy case that is untrue or misleading." (ECF

AP No. 1 ¶¶ 96-97). The specific offensive conduct referred to in the complaint is that UpRight held itself out as having nationwide offices. (*Id.* ¶ 96). The UST seeks to have the Court enjoin the Defendants from violating 11 U.S.C. § 526. (*Id.* ¶ 98).

Even accepting the allegations in the complaint as true—that UpRight Law did not have "Local Offices Nationwide"—the first cause of action does not state a claim under 11 U.S.C. § 526(a)(2). A necessary element of a claim under § 526(a)(2) is that the offending statement must be contained "in a document filed in a case or proceeding." 11 U.S.C. § 526(a)(2). According to the complaint, the specific offensive representation was made by UpRight on its website, not in a document filed with the Court. (ECF AP No. 1 ¶ 11). A statement made on a website is beyond the reach of § 526(a)(2). Similarly, the UST does not state a claim under 11 U.S.C. § 526(a)(3)(A) by pointing out that UpRight Law does not have nationwide offices. A necessary element of a claim under § 526(a)(3)(A) is that the misrepresentation must be with respect to "the services that such agency will provide." 11 U.S.C. § 526(a)(3)(A). In the context used in the statute, "service" means "the performance of some useful act or series of acts for the benefit of another." *Black's Law Dictionary* 1576 (10th ed. 2014). Representations UpRight may have made about its office locations were not representations regarding its "services" to debtors.

The specific offensive statement upon which the first cause of action is based does not meet the elements necessary to state a claim under either § 526(a)(2) or § 526(a)(3)(A). There is no way for the UST to state a claim for relief, under 11 U.S.C. § 526(a)(2) or § 526(a)(3)(A), arising out of UpRight Law's assertion that it has local offices nationwide. The Defendants' motion to dismiss the first cause of action is granted. The first cause is dismissed under Rule 12(b)(6), with prejudice.

Case 2-17-02007-PRW    Doc 27    Filed 11/03/17    Entered 11/03/17 16:26:34    Desc Main
Document      Page 9 of 16

B. **Counts II & III—Injunction Under 11 U.S.C. § 526(c)(5)(A) and Civil Penalties Under 11 U.S.C. § 526(c)(5)(B)**

The second cause of action alleges that Mr. Racki filed a Disclosure of Compensation Statement, under Rule 2016(b) FRBP, that was false and misleading. (ECF AP No. 1 ¶ 101). This cause of action references 11 U.S.C. § 526(a)(3)(A) but, like the first cause of action, describes conduct that seems to fall under § 526(a)(2) because it specifically refers to a document filed with the Court. (*See id.*). The third cause of action alleges a host of failings and errors by Mr. Racki in connection with Ms. Bishop's schedules. (*Id.* ¶ 113). The complaint lumps those failings into two categories—"Poor Quality of Schedules and Other Filed Pleadings" and "the Retainer is Excessive." (*Id.* at 30-31).

The Defendants have moved to dismiss the second and third causes of action under Rule 12(b)(6), for failure to allege a plausible claim. The Defendants also assert that the second and third causes of action are moot—because of a remedy previously granted by the Court—and that, if not moot, the requested "obey-the-law injunction" in the second cause of action is not in keeping with Rule 65 FRCP and Second Circuit precedent. (ECF AP No. 9 at 17-20).

The history of litigation that took place in this bankruptcy case, long before the UST filed the complaint initiating this adversary proceeding, weighs heavily against allowing the second or third causes of action to go forward. In January 2017, the UST brought a motion against these same Defendants, requesting disgorgement of fees, civil penalties, and an injunction prohibiting further violations of §§ 526 and 528. (ECF BK No. 33). That motion was 35 pages long, consisting of 110 numbered paragraphs. The complaint, by comparison, is also 35 pages long, consisting of 121 numbered paragraphs. The comparisons go beyond just the physical size of the submissions—they go to the heart of the relief sought by the UST—arising out of the exact same set of facts, the same alleged failings by one or more of the Defendants, and seeking relief under the same statute.

10

The motion was fiercely litigated by the UST and the Defendants. (*See* ECF BK Nos. 45-47, 51). And the transcript of the hearing held on the motion demonstrates that the Court—while all over the yard—was primarily focused on disgorgement of legal fees under Rules 2016 and 2017 FRBP, as the appropriate remedy to address the host of sins described in the motion by the UST. The injunctive relief sought by the UST in the motion was, procedurally, not properly before the Court, under Rule 7001(7). But, in granting complete disgorgement of all legal fees paid by Ms. Bishop, while denying without prejudice the UST's request for injunctive relief, it was not the Court's intention to give the UST a second swing at the piñata. It was the Court's intention, poorly expressed at oral argument, to accord complete relief between the parties. The UST's assertion, in opposition to the Defendants' motion to dismiss, that the Court "ordered the U.S. Trustee to file this adversary proceeding," (ECF AP No. 14 at 11), is not even remotely accurate in the context suggested.

Turning to the second cause of action, the UST seeks an injunction, alleging that Mr. Racki or the UpRight Defendants "have engaged in a clear and consistent pattern of filing false and misleading disclosures of compensation in other Upright Cases." (ECF AP No. 1 ¶ 101). The UST seeks to have the Court enjoin the Defendants "from violating 11 U.S.C. § 526." (*Id.* ¶ 103). The requested relief certainly tracks the language used by Congress in 11 U.S.C. § 526(c)(5)(A). However, "when Congress authorizes injunctive relief, it implicitly requires that the traditional requirements for an injunction be met in addition to any elements explicitly specified in the statute." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2014). An order granting an injunction must meet the specific requirements of Rule 65 FRCP. And, as the Second Circuit instructs, "an injunction must be more specific than a simple command that the defendant obey the law." *Peregrine Myanmar v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996).

11

The relief demanded by the UST in the second cause of action, while neatly tracking the language of 11 U.S.C. § 526(c)(5)(A), cannot be had because it runs afoul of the traditional requirements for an injunction. In bankruptcy practice, Director's Procedural Form 2030 implements the disclosure of compensation required by Rule 2016(b) FRBP. An order enjoining Mr. Racki and the UpRight Defendants from "filing false and misleading disclosures of compensation," as requested by the UST, would fly in the face of Rule 65 FRCP and would be impossible to police. As a result, the second cause of action does not—and cannot—state a claim for which relief can be had. Also, the woefully incomplete or inaccurate Rule 2016(b) statement filed by Mr. Racki served as the primary basis for the Court ordering disgorgement of all legal fees paid by Ms. Bishop. The Court has already granted relief to the UST to punish Mr. Racki for his failure to file an accurate statement under Rule 2016(b) FRBP. The motion to dismiss the second cause of action is granted. The second cause of action is dismissed under Rule 12(b)(6), with prejudice.

Turning to the third cause of action, the UST seeks the imposition of civil penalties against Mr. Racki and the UpRight Defendants under 11 U.S.C. § 526(c)(5)(B), in the amount of not less than $5,000 each. (ECF AP No. 1 ¶¶ 105-115). The UST breaks this cause of action into two categories: (1) "Poor Quality of Schedules and Other Filed Pleadings" and (2) "the Retainer is Excessive." (*Id.* at 30-31). Addressing this cause of action under Rule 12(b)(6) is inappropriate, given the prior case history. Rather, disposition of this cause of action compels the Court to exercise its discretion under the law of the case doctrine.

The identical issues raised in and the relief sought under the third cause of action were raised by the UST in the January 2017 motion seeking disgorgement, civil penalties, and injunctive relief. (*See* ECF BK No. 33). The motion dedicated 72 paragraphs—covering 21 pages—to

12

Case 2-17-02007-PRW  Doc 27  Filed 11/03/17  Entered 11/03/17 16:26:34  Desc Main
Document   Page 12 of 16

chronicling the facts related to the shoddy work performed by Mr. Racki and the many errors made in preparing Ms. Bishop's schedules. Those identical facts are the basis for the claim in the third cause of action. That motion was litigated to its conclusion, long before the complaint was filed in this action. In granting that motion in part, the Court ordered disgorgement of *all* attorney's fees paid to Mr. Racki and UpRight by Ms. Bishop. It was the Court's intention to have that disgorgement penalty serve as the appropriate and adequate remedy to address Mr. Racki's poor performance. Inherent in that ruling was the denial of an imposition of a civil penalty. To the extent that was unclear, the Court now exercises its discretion under the law of the case doctrine, to clarify its earlier ruling on the motion. The request for the imposition of civil penalties is (and was) denied. The motion to dismiss the third cause of action is granted. The third cause of action is dismissed, with prejudice.

C. <u>**Count IV—Barring all Defendants from Practicing in this Court**</u>

In its fourth cause of action, the UST asks that the Court "prohibit *the Defendants* from practicing before this Court, whether directly or indirectly, through any companies in which they have any ownership interests or management authority." (ECF AP No. 1 ¶ 120 (emphasis added)). The only Defendant actually mentioned by the UST in the fourth cause of action is UpRight. (*Id.* ¶ 119). But relief is sought against "the Defendants."

The entire complaint is a classic example of a "shotgun pleading," bemoaned by the Court of Appeals for the Eleventh Circuit for over 30 years. "A shotgun pleading—one in which it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief—does not comply with the standards of Rules 8(a) and 10(b)." *LaCroix v. W. Dist. of Ky.*, 627 Fed. Appx. 816, 817 (11th Cir. 2015) (internal quotation marks omitted); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1318-26 (11th Cir. 2015) (categorizing the 4

13

Case 2-17-02007-PRW    Doc 27    Filed 11/03/17    Entered 11/03/17 16:26:34    Desc Main
Document    Page 13 of 16

types of shotgun pleadings—"the most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint").

Rather than dismissing the fourth cause of action under Rules 8(a) and 10(b), or under Rule 12(b)(6), the Court will address this cause of action under the law of the case doctrine. First, to the extent that the UST intended to include Mr. Racki within the reach of the fourth cause of action, the requested relief fails as against him. As the Court explained in disposing of the third cause of action, the penalty imposed against Mr. Racki in connection with the UST's disgorgement motion was intended by the Court to accord complete relief as against Mr. Racki. To the extent the ruling was not clear, the Court uses this opportunity to clarify its earlier ruling, in the exercise of its discretion under the law of the case doctrine. It is unfair to allow the UST to re-litigate the motion against Mr. Racki by way of this adversary proceeding. The fourth cause of action, as against Mr. Racki, is dismissed, with prejudice.

That leaves the UpRight Defendants as the remaining target of the fourth cause of action. But it takes some first-class dot-connecting to decipher the UST's basis for this cause of action. The first paragraph after the heading "COUNT IV—11 U.S.C. § 105 AND INHERENT POWER," consists of this single sentence: *The allegations set forth are incorporated by reference.* (ECF AP No. 1 ¶ 116). But, which ones? And, to what end? Fortunately, the litigation in connection with the UST's earlier motion, seeking wide-ranging sanctions against the UpRight Defendants, provides a useful clue.

In the opening statement at oral argument on the motion, the UST said, "And this is not your typical motion to disgorge. The U.S. Trustee has very serious concerns that we raised, including,

14

but not limited to the unauthorized practice of law." (ECF BK No. 52, Transcript of Oral Argument at 4, lines 8-11). The motion itself did not raise that issue directly or request any form of relief in connection with the unauthorized practice of law claim made by the UST at oral argument. Similarly, in the complaint, the UST mentions the issue of unauthorized practice of law, but almost in passing. (*See* ECF AP No. 1 ¶ 113(g) and (h)). And that passing reference is in the third cause of action, not the fourth cause. Regardless, that issue was already addressed by the Court in connection with the motion. (*See* ECF BK No. 52 at 22-23). The Bench Order specifically stated that the Court was "requesting that the U.S. Trustee consider filing a complaint with the Grievance Committee for the Appellate Division, 4th Department with respect to claims asserting the practice of law in New York without a license by one or more of the respondents, under 11 U.S.C. § 526(d)(2)(A)." (ECF BK No. 51).

Congress was careful to ensure that its enactment of 11 U.S.C. § 526 did not impinge upon the states' interest in regulating the practice of law. To that end, the statute provides: "No provision of [§ 526] shall . . . be deemed to limit or curtail the authority or ability of a State or subdivision or instrumentality thereof, to determine and enforce qualifications for the practice of law under the laws of that State." 11 U.S.C. § 526(d)(2)(A). To the extent the fourth cause of action is intended by the UST to assert a claim sounding in unauthorized practice of law, the Court has already directed the UST to address the issue to the state courts, under § 526(d)(2)(A). (ECF BK No. 51).

Additionally, and alternatively, in the interest of comity with the state courts and out of respect for state law, the Court would abstain from considering claims sounding in unauthorized practice of law, under 28 U.S.C. § 1334(c)(1)—if that is, indeed, the real thrust of the fourth cause of action. Further, if the fourth cause was intended to really mean what it says—"prohibit

15

[*UpRight*] from practicing before this court . . . through any companies in which they have any ownership interests or management authority"—the Court would simply observe that only *individual attorneys* are admitted by the District Court to practice before this Court. Law firms or business entities are not admitted to practice. Accordingly, the motion to dismiss this fourth cause is granted. The fourth cause of action is dismissed, but without prejudice to the UST bringing that claim to the state court authorities identified in 11 U.S.C. § 526(d)(2)(A). Alternatively, the Court exercises its discretion and abstains from hearing the claim sounding in unauthorized practice in the interest of comity with the state courts and out of respect for state law, under 28 U.S.C. § 1334(c)(1).

V.

CONCLUSION

The Defendants' motion to dismiss is **GRANTED**. The first, second, and third causes of action in the complaint are **DISMISSED**, with prejudice. The fourth cause of action is **DISMISSED**, without prejudice to the UST bringing the claim *to the attention of the state court authorities identified in 11 U.S.C. § 526(d)(2)(A)*. Alternatively, the Court exercises its discretion and abstains from hearing the claim in the fourth cause of action sounding in unauthorized practice of law, under 28 U.S.C. § 1334(c)(1).

**IT IS SO ORDERED.**

DATED: November 3, 2017  _____/s/_____
Rochester, New York  HON. PAUL R. WARREN
United States Bankruptcy Judge